J-A04028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| HEIDI BRUSH | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LELAND FELDMAN | : | No. 1067 MDA 2022 |

Appeal from the Order Entered July 13, 2022
In the Court of Common Pleas of Centre County Civil Division at No(s):
2012-3103

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  MARCH 6, 2023**

Appellant, Heidi Brush ("Mother"), appeals from the July 13, 2022 order granting the "Proposal for Sharing of Physical Custody during Summer of 2022" filed by Appellee, Leland Feldman ("Father"), which the trial court treated as a petition for modification of custody.  Upon careful review, we conclude that the trial court erred by not considering the factors outlined in 23 Pa.C.S. § 5328(a) before making its custody determination.  We, therefore, vacate the trial court's order.

The parties are aware of the details of this protracted custody dispute, which dates to 2012, and we need not restate them in full here.  Briefly, Mother and Father are the parents of now-15-year-old A.B. ("Child").[1]  On June 22, 2021, the trial court entered an order that, *inter alia*, awarded Father

_____

[1] Child was born in January 2008.

shared legal and physical custody of Child. Mother appealed and, on April 7, 2022, this Court affirmed the court's order. **See Brush v. Feldman**, 277 A.3d 1124 (Pa. Super. filed Apr. 7, 2022) (unpublished memorandum).[2]

Following our affirmance of the trial court's order, on June 23, 2022, Father filed a "Proposal for Sharing of Physical Custody during Summer of 2022." On July 5, 2022, recognizing the fleeting nature of the summer vacation period, the trial court issued an emergency order scheduling a custody conference for July 13, 2022, to establish a custody and visitation schedule for the remainder of the summer of 2022. Shortly thereafter, Mother filed a request to continue the hearing so that she could obtain counsel. On July 11, 2022, the trial court denied Mother's continuance request.

On July 13, 2022, both Mother and Father appeared *pro se* at the custody conference, at which time Mother made an oral request for a continuance.[3] The court again denied the request to continue the conference.[4]

Following the conference, the trial court entered a "Reissued/Updated Custody Order" awarding, *inter alia*, Mother primary physical custody and

---

[2] On July 6, 2022, the Pennsylvania Supreme Court denied Mother's Petition for Allowance of Appeal. **Brush v. Feldman**, 281 A.3d 1033 (Pa. filed July 6, 2022).

[3] The Superior Court docket for this case indicates that Mother has since obtained counsel but that Father remains *pro se*.

[4] The court explained in its Pa.R.A.P. 1925(a) opinion that it denied Mother's request "in view of the fact that [Father] had driven from Arizona to attend the conference in hopes of commencing a partial custody relationship with his daughter." Trial Ct. Op., 7/27/22, at 2 (misnumbered as 1).

Father a phased-in period of video visits and short physical visits and establishing a custody schedule for the summer of 2022.[5]

Mother timely appealed. Both Mother and the trial court have complied with Pa.R.A.P. 1925.

Mother raises the following issues on appeal:

1. Whether the trial court erred as a matter of law and/or abused its discretion by failing to analyze the [f]actors set forth in 23 Pa.C.S. § 5328(a) prior to the entry of the Revised/Updated Custody Order entered on July 13, 2022[?]

2. Whether the trial court erred as a matter of law and/or abused its discretion by entering an Emergency Order on July 5, 2022 (docketed on July 7, 2022) scheduling an emergency custody conference on July 13, 2022 since: (a) neither party petitioned the court for emergency relief; (b) no petition was pending; and (c) no exigency existed necessitating an emergency conference[?]

3. Whether the trial court erred as a matter of law and/or abused its discretion by denying [Mother's] request for a continuance of the custody conference on July 11, 2022[,] and again on July 13, 2022, when [Mother] requested the continuance for the sole purpose of obtaining legal counsel and the scheduling order provided [Mother] only three (3) business days' notice of the conference[?]

4. Whether the trial court erred as a matter of law and/or abused its discretion by denying [Mother's] request/motion for a hearing and request for updated testimony on July 13, 2022[,] when nearly two (2) years had passed since the most recent custody hearing was conducted on July 22, 2022[,] as the same violated [Mother's] constitutional right to procedural due process and specifically[ Mother's] right to be meaningfully heard prior to the entry of the Revised/Updated Custody Order[?]

_____

[5] This order did not change shared legal custody arrangement between Mother and Father.

Mother's Brief at 4-5 (issues reordered for ease of disposition).

In her first issue, Mother asserts that the trial court erred in awarding Father unsupervised partial physical custody of Child without analyzing the Section 5328(a) custody factors and without considering Child's best interests. *Id.* at 29-35. In particular, Mother avers that the court's order altered the existing award of physical custody to Father and "represents a complete departure from, and modification and replacement of" the custody order entered by the court a year earlier. *Id.* at 33. Accordingly, Mother concludes that this alteration triggered the requirement that the court analyze the Section 5328(a) custody factors and that the court erred as a matter of law in failing to do so. *Id.* We agree.

"We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014). This Court must accept the findings of the trial court that the evidence supports. *Id.* Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can interfere only where the "custody order is manifestly unreasonable as shown by the evidence of record." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted).

"When a trial court orders a form of custody, the best interest of the child is paramount." *S.W.D.*, 96 A.3d at 400. "The best-interests standard,

decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." ***D.K.D. v. A.L.C.***, 141 A.3d 566, 572 (Pa. Super. 2016) (citations omitted).

It is well-settled that the Child Custody Act requires courts to consider each of the Section 5328(a) factors when "ordering any form of custody." 23 Pa.C.S. § 5328(a). A court must "set forth its mandatory assessment of the sixteen factors prior to the deadline by which a litigant must file a notice of appeal." ***C.B. v. J.B.***,65 A.3d 946, 955 (Pa. Super. 2013). "In expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations. A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with [the Child Custody Act]." ***A.V. v. S.T.***, 87 A.3d 818, 823 (Pa. Super. 2014) (citations and quotation marks omitted).

Here, our review of the Notes of Testimony and the trial court's order and opinion confirms that, upon consideration of Father's petition to modify custody, the trial court ordered a "form of custody." 23 Pa.C.S. § 5328(a). This action, thus, required the court to consider the Section 5328(a) factors. However, the trial court failed to address these factors during the custody hearing, in the subject custody order, or in any manner prior to the appeal deadline.

Based on the foregoing, we conclude the trial court erred when it entered the order in question without considering the Section 5328(a) custody factors. Accordingly, we vacate the trial court's July 13, 2022 order and remand for the court to consider the Section 5328(a) custody factors.[6]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/06/2023

---

[6] In light of our disposition of Mother's first issue, we need not address Mother's other challenges to the trial court's order.